United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11120
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO CARRILLO-SORIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(6:05-CR-17-ALL)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Alejandro Carrillo-Soria appeals his 2005 conviction and sentence for illegal reentry after deportation. Carrillo-Soria contends that the district court erred by applying a 16-level increase to his offense level, based on its finding that his 2002 state felony conviction for assault was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Carrillo-Soria's assault offense was committed under TEX. PENAL CODE ANN. § 22.01(a)(1) and (b)(2) (Vernon 2003), which does not set forth a crime of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violence under § 2L1.2(b)(1)(A)(ii). See § 2L1.2, comment. (n.1(B)(iii)) (reflecting that simple assault is not an enumerated offense constituting a "crime of violence"); United States v. Villegas-Hernandez, 468 F.3d 874, 882 (5th Cir. 2006)(determining that use of force is not an element of § 22.01(a)(1)); see also § 22.01(b)(2)(lacking use of force as an element). As this error is prejudicial, Carrillo-Soria's sentence is vacated and his case remanded for resentencing in accordance with this opinion. See Villegas-Hernandez, 468 F.3d at 885.

Carrillo-Soria also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. Carrillo-Soria's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Carrillo-Soria properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.