# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10279

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EVERARDO FLORES,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-302-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

This is a direct criminal appeal in which Appellant challenges only his sentence. Because we find no reversible error, we AFFIRM the district court's judgment.

## I.    BACKGROUND

Everardo Flores pleaded guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326. The probation officer calculated Flores's total

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 14-10279

offense level as 21, including a 16-level enhancement for a prior Texas state court conviction of assault against a family member, which the probation officer characterized as a crime of violence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).[1]   The state court documents provide that this assault conviction arose under Section 22.01 of the Texas Penal Code. *See* Tex. Penal Code Ann. § 22.01(a), (b)(2).  In the district court, Flores did not object to the presentence report's ("PSR") characterization of this assault conviction as a crime of violence.

At sentencing, the government moved for a further reduction of one offense level for acceptance of responsibility, and the district court granted the motion.  Flores's criminal history score placed him in criminal history category IV, and his sentencing range was 57-71 months of imprisonment.  Defense counsel stated that Flores had no objections to the PSR.  However, counsel argued for a variance from the guideline sentencing range, contending that Flores's criminal history was overrepresented.  Counsel also argued that a variance was warranted by Flores's cultural assimilation, his youth, and his maturity since he returned to this country from Mexico.

The district court denied the request for a variance and found that a sentence within the guideline sentencing range would be appropriate. Although the low end of the guideline range was 57 months, the district court imposed a 56-month sentence because Flores had spent one month in administrative custody.  Flores now appeals.

---

[1] Flores also received a two-level reduction for acceptance of responsibility. *See* § 3E1.1(a).

No. 14-10279

II.    Crime of Violence

Flores contends that the district court erred by applying the 16-level enhancement based on his prior domestic violence assault conviction, which he argues was not a crime of violence for purposes of § 2L1.2. We generally review a district court's interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Because Flores did not object to the 16-level adjustment in the district court, however, his challenge on appeal is reviewed for plain error. *See United States v. Chavez-Hernandez,* 671 F.3d 494, 497 (5th Cir. 2012). To succeed on plain error review, an appellant must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, this Court may exercise its discretion "to remedy the error . . . only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted) (alteration in opinion).

The Sentencing Guidelines call for a 16-level increase in a defendant's base offense level if he previously was removed after being convicted of a crime of violence, and the conviction receives criminal history points. U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Sentencing Guidelines define a crime of violence to include several enumerated offenses and "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." §2L1.2 cmt. n.1(B)(iii). The issue before us is whether the district court plainly erred in concluding that Flores's Texas assault conviction qualified as a crime of violence based on it having as an element the use, attempted use, or threatened use of physical force.

3

No. 14-10279

This Court analyzes whether a past conviction is a crime of violence under the Guidelines by applying a categorical approach, which examines "the elements of the statute of conviction rather than a defendant's specific conduct." *United States v. Rodriguez,* 711 F.3d 541, 549 (5th Cir.) (en banc), *cert. denied,* 134 S. Ct. 512 (2013). Because we look to the statute of conviction rather than the facts of the crime, we "must presume that the conviction rested upon nothing more than the least of the acts criminalized." *Moncrieffe v. Holder,* 133 S. Ct. 1678, 1684 (2013) (citation and internal quotation marks omitted).

"Physical force in the context of § 2L1.2 requires force capable of causing pain or injury to another person." *United States v. Garcia-Figueroa,* 753 F.3d 179, 185 (5th Cir. 2014) (internal quotation marks and citation omitted). Offensive touching, without more, does not constitute the type of violent force typically associated with a crime of violence. *United States v. Herrera-Alvarez,* 753 F.3d 132, 141 (5th Cir. 2014). Moreover, a defendant need not actually employ force; the threatened use of force is sufficient. *Garcia-Figueroa,* 753 F.3d at 185-86.

As previously set forth, Flores was convicted under Texas's assault statute, which provides that an offense is committed when an individual:

> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
>
> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX. PENAL CODE ANN. § 22.01(a)(1)-(3). Although simple assault generally is a Class A misdemeanor offense, it becomes a third-degree felony if it is

4

committed against a family member as defined under Texas law, *and* if the defendant previously has been convicted of an enumerated offense against a family member. § 22.01(b)(2)(A). The assault conviction at issue in the case at bar was a third-degree felony based on Flores's previous conviction for domestic violence.

Relying on *United States v. Villegas-Hernandez,* 468 F.3d 874 (5th Cir. 2006), Flores argues that this Court's binding precedent establishes that a conviction under the Texas simple assault statute does not qualify as a crime of violence under § 2L1.2. In that case, we held that the Texas crime of simple assault, § 22.01(a), is not a crime of violence that has as an element the use, attempted use, or threatened use of physical force. *Id.* at 879.[2] The government responds that Flores's conviction was under a different subsection of the Texas assault statute, and Flores fails to point to a published opinion that expressly holds that a conviction under § 22.01(b)(2)(A) does not constitute a crime of violence. Thus, the government argues that any error is not plain under the second prong of the plain error test. Because we ultimately conclude that Flores cannot succeed on the fourth prong of the plain error test, we will assume *arguendo* that Flores has shown that there was clear or obvious error under the first and second prongs of the plain error test. *See United States v. Davis,* 602 F.3d 643, 650 (5th Cir. 2010) (explaining that we would not decide whether appellant met the third prong of the test "because assuming without

---

[2] *See also United States v. Cortez-Rocha,* 552 F. App'x 322, 326 (5th Cir. 2014) (holding that Texas conviction of simple assault under § 22.01 "is not a crime of violence under the use of force clause because it merely requires that the defendant cause bodily injury to another, which may occur from acts other than the actual, attempted, or threatened use of physical force"); *United States v. Carrillo-Soria,* 214 F. App'x 444, 444 (5th Cir. 2007) (holding that an assault under § 22.01(a)(1) and § 22.01(b)(2) does not constitute a crime of violence).

No. 14-10279

deciding that he has, the error in this case is not the sort that we should, on plain error review, exercise our discretion to remedy").

With respect to the third prong of the plain error test, a "sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011). "[A]bsent additional evidence, a defendant has shown a reasonable probability that he would have received a lesser sentence when (1) the district court mistakenly calculates the wrong Guidelines range, (2) the incorrect range is significantly higher than the true Guidelines range, and (3) the defendant is sentenced within the incorrect range." *Id.*

Flores's level-21, category-IV range of imprisonment was 57-71 months. Without the 16-level adjustment, his offense level would have been 13, assuming that that the assault conviction constituted an "aggravated felony" warranting an eight-level enhancement. *See* § 2L1.2(b)(1)(B). The level-13, category-IV range of imprisonment is 24-30 months. The district court imposed a 56-month sentence, which is 26 months more than the maximum 30-month sentence in the level-13, category-IV range. Flores thus has shown a reasonable probability that he would have received a lower sentence but for the district court's error. *See Mudekunye*, 646 F.3d at 289.

As previously set forth, if an appellant satisfies the first three prongs of the plain error test, we may exercise our discretion to remand for resentencing *only* if the error seriously affects the fairness, integrity or public reputation of the proceedings. *Puckett*, 556 U.S. at 135. The Supreme Court has instructed that the "fourth prong is meant to be applied on a case-specific and fact-intensive basis." *Id.* at 142.

6

No. 14-10279

Thus, we turn to the particular facts of this case. With respect to the prior conviction at issue, the state court indictment alleged that in 2011 Flores did "unlawfully, then and there, intentionally, knowingly and recklessly cause bodily injury to another, namely: CECILIA MARTINEZ, . . . , a member of defendant's family and household and with whom the said defendant had a dating relationship, by STRIKING COMPLAINANT WITH A HAND." In a state court document entitled "Judicial Confession," Flores confessed to the facts as alleged in the indictment. Flores also confessed to a 2010 prior conviction for assaulting a person with whom he had a dating relationship. Flores expressly consented to the introduction of his "Judicial Confession" before the state court. This sworn confession was signed by Flores, his attorney, and the prosecutor, and it is included in the record submitted before this Court. Accordingly, Flores has judicially confessed to the physical use of force in committing the offense that was relied upon as a crime of violence to enhance his sentence.[3] Under these circumstances, we are unconvinced that the alleged error seriously affects the fairness, integrity or public reputation of the instant judicial proceedings. *See United States v. Olano,* 507 U.S. 725, 735—36 (1993) (explaining that our discretion should be exercised when a miscarriage of justice would result). Further, as previously set forth, Flores confessed to another domestic violence/assault conviction that occurred just one year prior to the assault conviction at issue. *Cf. Davis,* 602 F.3d 650–51 (explaining that this Court would decline to exercise discretion under the

---

[3] We recognize that when employing the categorical approach to determine whether a conviction constitutes a crime of violence, we do not look to the defendant's actual criminal conduct. *United States v. Herrera-Alvarez*, 753 F.3d 132, 134 (5th Cir. 2014). However, when determining whether to exercise our discretion to remand for resentencing under the fourth prong of the plain error test, the inquiry is conducted on a "case-specific and fact-intensive basis." *Puckett,* 556 U.S. at 142.

fourth prong in part because the defendant had violated his supervised release under circumstances that "strongly suggested that he intended to resume the same activities for which he initially had been convicted and imprisoned"). We have explained that the "plain error test requires *both* a showing of effect on the appellant's substantial rights *and* an effect on the fairness or integrity of the proceedings before this court may exercise its *discretion* to remedy the error." *Davis,* 602 F.3d at 652 (emphasis in original). The latter requirement has not been shown in this case.

### III.    Conclusion

For the above reasons, the district court's judgment is AFFIRMED.