# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41292

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JULIAN MARTINEZ-RODRIGUEZ,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, JOLLY, and ELROD, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Julian Martinez-Rodriguez ("Martinez") appeals his sentence. Martinez contends that the district court committed reversible error by failing to remove a two-level sentencing enhancement after determining that the required predicate for its imposition did not apply. Martinez also argues that his sentence was substantively unreasonable under 18 U.S.C. § 3553(a). For the reasons that follow, we VACATE Martinez's sentence and REMAND for resentencing.

No. 13-41292

I.

Martinez pled guilty to one count of possession with intent to distribute crystal methamphetamine in violation of 21 U.S.C. § 841(a)(l).

His presentence report ("PSR") recommended, in part, that Martinez receive a two-level sentencing enhancement under U.S.S.G. § 3B1.1 (as an organizer/leader), as well as a two-level enhancement under U.S.S.G. § 2D1.1(b)(14)(B)(i) (for involving a minor in the crime as an organizer/leader).[1] Including both enhancements, Martinez's total calculated offense level was 44 (with criminal history category of III), which resulted in an advisory guideline range of life in prison.

Martinez filed an objection to the PSR, arguing that he was not an organizer/leader, thus negating the enhancement under § 3B1.1. Martinez further argued that he was unaware that his son had accompanied a codefendant to a narcotics negotiation and that enhancement under § 2D1.1(b)(14)(B)(i) was unsupported by the facts. Martinez did not argue, however, that if enhancement under § 3B1.1 was not imposed, then enhancement under § 2D1.1(b)(14)(B)(i) was also precluded.

At his sentencing hearing, the district court noted that because some of Martinez's objections had been addressed in chambers, it would "just skip ahead to the [§ 3B1.1] role issue." Martinez did not object. After finding that Martinez was not an organizer/leader, the district court granted Martinez's § 3B1.1 objection and removed the two-level enhancement from his total offense level. Martinez was then asked: "Is there anything else you wanted to add?" Martinez did not mention or object to enhancement under

---

[1] Martinez was sentenced under the 2012 Sentencing Guidelines. Under the plain language of the Guidelines, U.S.S.G. § 2D1.1(b)(14)(B)(i) *only applies* if the defendant receives an enhancement under U.S.S.G. § 3B1.1. *Compare* U.S.S.G. § 2D1.1(b)(14)(B)(i) (2012) *with* U.S.S.G. § 3B1.1 (2012).

No. 13-41292

§ 2D1.1(b)(14)(B)(i), but instead began addressing other objections.   The district court then applied the enhancement under § 2D1.1(b)(14)(B)(i), but granted Martinez an additional three-level reduction for acceptance of responsibility and a two-point deduction from his criminal history score.  After the adjustments, Martinez's total offense level was 41 (with a criminal history category of II), which resulted in an advisory guideline range of 360 months to life in prison.  Martinez was sentenced at the bottom of that range to 360 months in prison and five years of probation.

Martinez moved for reconsideration of the sentence, arguing that the 360-month sentence was greater than necessary to comply with the requirements of 18 U.S.C. § 3553(a).  His motion was denied.

Martinez appealed to this Court, contending that the district court's failure to remove the § 2D1.1(b)(14)(B)(i) enhancement constituted reversible error and that his sentence was substantively unreasonable under § 3553(a).

II.

"Where a defendant preserves error by objecting at sentencing, we review the sentencing court's factual findings for clear error and its interpretation or application of the Sentencing Guidelines de novo."  *United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015).

We review unpreserved sentencing objections, however, "only for plain error."  *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005).  Moreover, our review for plain error is limited, as we "may not correct an error the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'"  *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 631 (2002)).  Furthermore, "[i]f all three conditions are met [we] may then exercise [] discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.*

3

No. 13-41292

III.

A.

Before determining the merits of Martinez's first argument—that his enhancement under § 2D1.1(b)(14)(B)(i) constitutes reversible error—we first consider the scope of our review.

The facts in this appeal are stipulated. Both parties agree that the district court committed procedural error by applying the enhancement to Martinez's sentence under § 2D1.1(b)(14)(B)(i). The first question we must address, however, is whether Martinez preserved the specific objection he now raises—that § 2D1.1(b)(14)(B)(i) applies only if an enhancement under § 3B1.1 is imposed.

Martinez argues that under *United States v. Neal*, 578 F.3d 270, 272–73 (5th Cir. 2009), his written objection to § 2D1.1(b)(14)(B)(i) was specific, clear, and sufficient to direct the district court's attention to the objection he makes currently. Furthermore, Martinez argues that even if, at his sentencing hearing, he failed to properly object to § 2D1.1(b)(14)(B)(i) on the basis he now raises on appeal, because his objection was in writing, it thus is "nevertheless preserved for appeal." *Id.* Accordingly, Martinez contends that the district court's application of § 2D1.1(b)(14)(B)(i) should be reviewed for clear error. But Martinez has not pointed to sufficient record evidence to support his position.

The "central inquiry [for preservation purposes] is the specificity and clarity of the initial objection, not the defendant's persistence in seeking relief." *Neal*, 578 F.3d at 273. Thus, Martinez is correct that if his initial written objection to § 2D1.1(b)(14)(B)(i) was specific and clear enough "to alert the district court to the nature of the alleged error and to provide an opportunity for correction," then it is preserved for appeal. *Id.* at 272.

4

No. 13-41292

In his written objection to § 2D1.1(b)(14)(B)(i), however, Martinez argued only that the enhancement should not apply because he did not know that his son had accompanied a codefendant to a narcotics negotiation.  In other words, Martinez did not object that the enhancement would not apply in the absence of an underlying § 3B1.1 enhancement.  And, after failing to clearly object in writing, Martinez did not mention § 2D1.1(b)(14)(B)(i) at his sentencing hearing or in his motion for reconsideration.  Consequently, Martinez's objection was not preserved, and we will review the district court's application of § 2D1.1(b)(14)(B)(i) for plain error only.

B.

Under the plain error analysis, Martinez has the burden to establish: 1) an error; 2) that the error was plain; 3) that his substantial rights were affected; and 4) that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Mares*, 402 F.3d at 520.  Because both parties agree that the district court erred by applying § 2D1.1(b)(14)(B)(i), and that the error was plain under the statute, we need not discuss the first two prongs of our plain error analysis, and instead turn to the third prong— whether Martinez has shown that his substantial rights were affected.

To satisfy this prong, in the sentencing context, Martinez must show "a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence."  *United States v. Pratt*, 728 F.3d 463, 481 (5th Cir. 2013) (citation omitted).  Although in our precedent we have shown considerable reluctance in finding that a defendant's substantial rights were affected when the correct and incorrect sentencing guideline ranges overlap,[2] *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir.

---

[2] Here, Martinez's guideline range with the § 2D1.1(b)(14)(B)(i) enhancement was 360 months to life; and without the enhancement it would be 292–365 months.  *See* U.S.S.G., Ch.5, Pt. A (Sentencing Guidelines) (2012).

2010), we have allowed defendants to provide "additional evidence" that their substantial rights were affected. *See, e.g.*, *Pratt*, 728 F.3d at 482.

That was then, this is now. The Supreme Court's recent decision in *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), held that it was inappropriate to require such additional evidence from defendants "in cases, like this one, where a district court applies an incorrect range but sentences the defendant within the correct range." *Id.* at 1348. And, because "the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range [alone] . . . suffice[s] to show an effect on [Martinez]'s substantial rights." *Id.* at 1347. Accordingly, Martinez has "satisf[ied] his burden to show prejudice by pointing to the application of an incorrect, higher Guidelines range and the sentence he received thereunder," and is "not [] required to show more." *Id.* Thus, with the third prong of the plain error standard behind us, we move on to the fourth prong.

The fourth prong asks whether a sentencing error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Mares*, 402 F.3d at 520. This inquiry "is dependent upon the *degree* of the error and the *particular facts* of the case." *United States v. Davis*, 602 F.3d 643, 651 (5th Cir. 2010) (emphasis added). Furthermore, "we do not view the fourth prong as automatic if the other three prongs are met," as we have not adopted "a blanket rule that once prejudice is found under the [third prong of plain error], the error invariably requires correction." *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc) (citations omitted). Instead, as the Supreme Court has repeatedly emphasized, "[t]he fourth prong is meant to be applied on a case-specific and fact-intensive basis." *Puckett v. United States*, 556 U.S. 129, 142 (2009). Put bluntly, a "*per se* approach to plain-error review is flawed." *Id.* (citation omitted). Thus, our decision to "remedy" *any* error

No. 13-41292

under the fourth prong is ultimately at our discretion. *See id.* at 135 ("if the [other] three prongs [of plain error review] are satisfied, the court of appeals has the *discretion* to remedy the error").

Accordingly, to evaluate this prong, we consider the particular facts and degree of error in this case, and compare those factors to other cases that have turned on the fourth prong.

"[I]n the sentencing context" we "ha[ve] been generous with remand, often finding that errors leading to substantial increases in sentences, even those errors not raised until appeal . . . merited remand." *United States v. Ellis*, 564 F.3d 370, 378 (5th Cir. 2009); *see also id.* at 378 n.44 (providing a "survey of cases" noting "generally permissive approach to the third and fourth prongs . . . especially where a significantly different Guidelines range was erroneously advised") (citations omitted).

For example, in *United States v. Price*, the correct Guideline range was 92–115 months, the district court erroneously applied a range of 110–120 months, and the defendant was sentenced to 110 months. *United States v. Price*, 516 F.3d 285 (5th Cir. 2008). We found it noteworthy that "[a]though the 110–month sentence that Price received is within [the correct] range, defendant has demonstrated a probability sufficient to undermine confidence in the outcome, as a 92–month sentence is *substantially lower* than a 110–month sentence" *id.* at 289 (emphasis added) (alterations and quotation marks omitted); and that "when acting under the erroneous Guidelines range . . . , the court sentenced Price to the minimum within that range," *id.* at 289 n. 28. Accordingly, we held that the error in *Price* "'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings' because it 'clearly affected [the] defendant's sentence.'" *Id.* at 290 (citation omitted).

Here, with the § 2D1.1(b)(14)(B)(i) enhancement, Martinez's sentencing range under the Guidelines was 360 months to life; and without the

7

enhancement it would have been 292–365 months. Consequently, the difference between a sentence at the bottom of the incorrect range (360 months) and a sentence at the bottom of the correct range (292 months) is 68 months— far greater than that in *Price* (18 months). Further, like the defendant in *Price*, Martinez received the minimum sentence under the incorrect range—360 months.

Thus, it would appear that Martinez has shown that the *degree* of the error he identifies on appeal is significant—a possible 68-month sentencing disparity. A closer review of the record, however, reveals that the degree of this error was minimized by another error by the district court. Specifically, when determining Martinez's criminal history category, the district court removed two criminal history points—recommended in Martinez's PSR because the instant crimes occurred while he was on probation for other, unrelated, drug charges—which reduced his criminal history category from III to II.

As the Government points out, this was error. *See United States v. Jasso*, 634 F.3d 305, 308 (5th Cir. 2011) ("The district court lacked authority to alter Jasso's criminal history points based on its finding that Jasso's criminal history overstated the seriousness of his past criminal conduct.") (citation omitted); *United States v. Solis*, 675 F.3d 795, 801 (5th Cir. 2012) ("[W]hile U.S.S.G. § 4A1.3 affords a sentencing court discretion to determine whether a criminal history category accurately reflects a defendant's criminal history, nothing in S.G. § 4A1.1 suggests that the sentencing court has any discretion with respect to the calculation of a defendant's criminal history score.") (citation omitted).[3]  This error was harmless, however, in the context of

---

[3] We note that the district court could have departed from the criminal history category recommended in Martinez's PSR, under U.S.S.G. § 4A1.3(c)(2), and would have been required to "specify in writing . . . the specific reasons why the applicable criminal history

No. 13-41292

Martinez's sentence because the recommended sentencing range under the Guidelines for a criminal history category of II or III was the same for a total offense level of 41—that which Martinez received. *See* U.S.S.G., Ch.5, Pt. A (2012). But, if Martinez is resentenced at a total offense level of 39—what he seeks on appeal—then the difference between the two sentencing ranges under the Guidelines for a criminal history category of II and III would be 292–365 and 324–405, respectively. *Id.* Thus, Martinez's "true" correct range, after the enhancement under § 2D1.1(b)(14)(B)(i) is removed, would be 324–405 (not 292-365).

And, this second error necessarily cuts against Martinez, as it significantly reduces the *degree* of the error he identifies on appeal.[4]

Even under the "true" correct sentencing range, however, the difference between a sentence at the bottom of the incorrect range (360 months) and a sentence at the bottom of the "true" correct range (324 months) is still 36 months—double that in *Price* (18 months). Thus, considering *Price*, the degree of the error Martinez identifies seems to provide a reason for us to exercise our fourth-prong discretion.

When assessing the fourth prong, however, we must also consider "the particular facts of the case." *Davis*, 602 F.3d at 651.

Turning to the facts of this case, to qualify for a base offense level of 38 (*the highest possible under the Guidelines*), Martinez had to have been charged with an offense involving the drug equivalent of 30,000 kg of marijuana. *See* U.S.S.G. § 2D1.1(c)(1) (2012). Here, Martinez's base offense level was calculated based on his involvement with the drug equivalent of 618,258.4 kg

---

category substantially over-represent[ed] the seriousness of [Martinez's] criminal history or the likelihood that [he] w[ould] commit other crimes"; but, it did not.

[4] Martinez's current sentence (360) is in the bottom half of this range. Furthermore, Martinez did not respond to this argument, as he did not file a reply brief before this Court.

of marijuana (approximately 45 kg of methamphetamine and 258 kg of marijuana)—more than 20 times the minimum amount required for a base offense level of 38.  Moreover, when the instant offense occurred, Martinez was on probation for unrelated charges stemming from his role as the driver in a hit-and-run accident, which also resulted in the discovery of more than 50, but less than 2,000, pounds of marijuana in the trunk of his car.  And, at Martinez's sentencing hearing, the district court noted that: 1) Martinez's crimes involved crystal meth, "a terrible drug"; 2) the consequences were "going to be huge"; 3) Martinez was going "to be in prison for a very long time"; and 4) that it was doubtful that Martinez would ever see his family again "outside of the prison."

Further, we have declined to exercise our discretion to notice sentencing errors under the fourth prong when these *types* of facts are involved—e.g., recidivistic behavior.  *See, e.g.*, *Davis*, 602 F.3d at 650–51 (declining to notice error under the fourth prong because the defendant "violated his supervised release only five months into a five-year sentence," "was found outside the state in which he was required to remain and was in possession of a firearm," and "was carrying a bank bag and printed notes that strongly suggested that he intended to resume the same activities for which he initially had been convicted and imprisoned"); *United States v. Flores*, 601 F. App'x 242, 247 (5th Cir. 2015) (declining to notice error under the fourth prong, in part, because the defendant "confessed to another domestic violence/assault conviction that occurred just one year prior to the assault conviction at issue").

But none of these cases, nor any that we could identify, have involved the sentencing disparity before us presently.

Thus, to the point: while we do not speculate how the district court will weigh these facts in determining Martinez's sentence on remand, we cannot ignore the disparity in the sentences that Martinez identifies on appeal.  *See*

No. 13-41292

*Price*, 516 F.3d at 289–90.[5]    Accordingly, we hold that the district court's reliance on § 2D1.1(b)(14)(B)(i), and the sentencing disparity that it caused, was error that "seriously affects the fairness, integrity, or public reputation of judicial proceedings"; and we exercise our discretion to notice it.

## IV.

In sum, we find that the district court's application of § 2D1.1(b)(14)(B)(i) constitutes reversible error.[6]    Consequently, the district court's judgment imposing a sentence of 360 months based on § 2D1.1(b)(14)(B)(i) is VACATED and the case is REMANDED for resentencing in a manner not inconsistent with this opinion.

VACATED and REMANDED.

---

[5] We note that although we rely on *Price* in reaching this holding, we do not "overread *Price* to categorically require remand wherever a reasonable probability of a lesser sentence is found"; rather it is the extent of the sentencing disparity and the facts in this case that inform our decision. *See Davis*, 602 F.3d at 651 n.12; *see also United States v. Hernandez*, 690 F.3d 613, 625 (5th Cir. 2012) ("This court . . . has [] called into question a broad reading of *Price*.") (Smith, J., dissenting).

[6] Because we remand this case for resentencing, we need not address Martinez's second argument—that his 360-month sentence is substantively unreasonable under 18 U.S.C. § 3553(a).

We also note that on remand, if inclined to depart from the criminal history category recommended in Martinez's PSR, the district court should do so under U.S.S.G. § 4A1.3 and not by deducting criminal history points applicable otherwise.