# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40920

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2017

Lyle W. Cayce
Clerk

Consolidated With 16-40921

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

FRANCISCO GARCIA-VAZQUEZ,

Defendant–Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1260-1

Before JONES and OWEN, Circuit Judges, and ENGELHARDT*, District Judge.

PER CURIAM:**

Francisco Garcia-Vazquez appeals his sentences for reentering the United States illegally and violating a condition of his supervised release. He contends that the district court erred by denying a downward variance to

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40920
c/w No. 16-40921

account for a proposed amendment to the Sentencing Guidelines because the court erroneously believed it lacked the authority to issue such a variance. Plain error review applies to the forfeited objection. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). Garcia-Vazquez must show an error that is clear or obvious that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but should do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The record does not support Garcia-Vazquez's claim that the district court misapprehended its authority to vary from the Guidelines. Defense counsel made a series of vague comments at sentencing about proposed guidelines that would benefit Garcia-Vazquez. Counsel did not request a downward variance to obtain the benefit of the proposed guidelines. Counsel's ambiguous statements could be construed instead as implying that the proposed guidelines should be applied to determine Garcia-Vazquez's guidelines range. The district court responded, correctly, that it "must posture a sentence pursuant to the Guidelines as they exist as of sentencing" in the absence of ex post facto concerns. *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007). There is no error, plain or otherwise.

Also for the first time on appeal, Garcia-Vazquez challenges the district court's imposition of consecutive sentences. He contends that the court erred because it believed that it lacked authority to run the sentences concurrently. Although Garcia-Vazquez requested concurrent sentences, he did not object when the probation officer and the district court expressed the belief that the court must impose consecutive sentences. In other words, he did not attempt to correct the court's misunderstanding of the law—even though the erroneous

2

statement appeared in the presentence report and was repeated by the court at sentencing. "A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for [this court's] review." *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (quoting *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994)). "[A]n argument is preserved when the basis for objection presented below 'gave the district court the opportunity to address' the gravamen of the argument presented on appeal." *United States v. Garcia-Perez*, 779 F.3d 278, 281-82 (5th Cir. 2015) (quoting *United States v. Ocana*, 204 F.3d 585, 589 (5th Cir. 2000)). Because Garcia-Vazquez failed to preserve the "specific claim[] of procedural error that he argues in this appeal," plain error review applies. *Whitelaw*, 580 F.3d at 259.

The district court has "discretion to make its . . . sentence run concurrently (or partially concurrently) with the previously imposed . . . sentence for supervised release revocation (although the Commission recommends that the sentence imposed be consecutive to that for the revocation)." *United States v. Huff*, 370 F.3d 454, 465 (5th Cir. 2004); *see also* 18 U.S.C. § 3584(a), (b). Accordingly, the district court clearly or obviously erred here in determining that it was required to run the sentences consecutively.

Applying the Supreme Court's recent decision in *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346-48 (2016), we conclude that the error affected Garcia-Vazquez's substantial rights. The district court applied a cumulative guidelines range of 50 to 67 months (46 to 57 months for the illegal reentry, plus a consecutive 4 to 10 months for the supervised release violation). The correct range was 46 months (assuming concurrent sentences at the low end) to 67 months (assuming consecutive sentences at the high end). The court

No. 16-40920
c/w No. 16-40921

sentenced Garcia-Vazquez to 46 months for the illegal reentry offense and 4 months for the revocation, for a total sentence of 50 months.

Under the fourth prong of plain error review, we compare the degree of the error and the particular facts of the case "to other cases that have turned on the fourth prong." *United States v. Martinez-Rodriguez*, 821 F.3d 659, 664 (5th Cir. 2016). A defendant's sentence at the bottom of an erroneously high range has weighed in favor of exercising our discretion. *See, e.g.*, *id.* at 665-66; *United States v. Mazarego-Salazar*, 590 F. App'x 345, 350 (5th Cir. 2014) (per curiam); *United States v. Price*, 516 F.3d 285, 289 & n.28 (5th Cir. 2008). We likewise exercise our discretion to correct the error here, although we express no view on the ultimate issues on resentencing.

We VACATE the sentence and REMAND for resentencing.

No. 16-40920
c/w No. 16-40921

EDITH H. JONES, Circuit Judge, with whom PRISCILLA R. OWEN, Circuit Judge, joins, concurring:

I concur in this decision to remand on plain error review, but it is most disturbing to note that three different Federal Public Defenders recently represented defendants at sentencing in three separate cases on appeal—*United States v. Dias*, No. 16-40862, 2017 WL 1048069 (5th Cir. Mar. 17, 2017) (per curiam), and *United States v. Villarreal-Garcia*, No. 16-40884 (5th Cir. filed Jun. 20, 2016), being the other two—and every one of them allowed the visiting district judge to make the same mistake: thinking that superseded Fifth Circuit law required him to run sentences consecutively. We have had to review this plain error three times. The discretionary nature of the court's decision to sentence consecutively or concurrently in these circumstances is not a tough issue; it is settled by the plain language of the Guidelines. U.S. Sentencing Guidelines Manual § 5G1.3(d) & cmt. n.4(C) (U.S. Sentencing Comm'n 2015); *see also United States v. Huff*, 370 F.3d 454, 465 (5th Cir. 2004); *United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009). Moreover, two of these three appeals included yet another issue that had to be reviewed by this court on plain error.

The failure of the Federal Public Defender's office to bring sentencing errors to the attention of the district court seems to be a virus that is spreading. It is true that in *Dias* the Government misrepresented the consecutive sentencing authority to the district court, while the probation office may have erred in the other two cases. Any errors on common issues like these are bad form for all the "experts" involved in sentencing.

Nevertheless, the Federal Public Defender risks having its clients spend considerably more time incarcerated than might otherwise have been required, because clients go to prison while the appellate process winds its way to this

court. Review on plain error is becoming unpredictable, as all parties in this process know, resulting in different outcomes for different defendants. Finally, in the unusual case where resentencing is actually meaningful, given the types of errors we are now seeing, the public incurs needless costs and there is a misuse of judicial resources in duplicative proceedings.

It is time for the FPD and the U.S. Attorney's office to take the details of sentencing more seriously in the district court.