PER CURIAM: **
Francisco Garcia-Vazquez appeals his sentences for reentering the United States illegally and violating a condition of his supervised release. He contends that the district court erred by denying a downward variance to account for a proposed amendment to the Sentencing Guidelines because the court erroneously believed it lacked the authority to issue such a variance. Plain error review applies to the forfeited objection. See United States v. Whitelaw, 580 F.3d 256, 259 (5th Cir. 2009). Garcia-Vazquez must show an error that is clear or obvious that affects his substantial rights. See Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). If he makes such a showing, this court has the discretion to correct the error but should do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. See id.
The record does not support Garcia-Vazquez’s claim that the district court misapprehended its authority to vary from the Guidelines. Defense counsel made a series of vague comments at sentencing about proposed guidelines that would benefit Garcia-Vazquez. Counsel did not request a downward variance to obtain the benefit of the proposed guidelines. Counsel’s ambiguous statements could be construed instead as implying that the proposed guidelines should be applied to determine Garcia-Vazquez’s guidelines range. The district court responded, correctly, that it “must posture a sentence pursuant to the Guidelines as they exist as of sentencing” in the absence of ex post facto concerns. United States v. Rodarte-Vasquez, 488 F.3d 316, 322 (5th Cir. 2007). There is no error, plain or otherwise.
Also for the first time on appeal, Garcia-Vazquez challenges the district court’s imposition of consecutive sentences. He contends that the court erred because it believed that it lacked authority to run the *356 sentences concurrently. Although Garcia-Vazquez requested concurrent sentences, he did not object when the probation officer and the district court expressed the belief that the court must impose consecutive sentences. In other words, he did not attempt to correct the court’s misunderstanding of the law—even though the erroneous statement appeared in the presen-tence report and was repeated by the court at sentencing. “A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for [this court’s] review.” United States v. Mondragon-Santiago, 564 F.3d 357, 361 (5th Cir. 2009) (quoting United States v. Rodriguez, 15 F.3d 408, 414 (5th Cir. 1994)). “[A]n argument is preserved when the basis for objection presented below ‘gave the district court the opportunity to address’ the gravamen of the argument presented on appeal.” United States v. Garcia-Perez, 779 F.3d 278, 281-82 (5th Cir. 2015) (quoting United States v. Ocana, 204 F.3d 585, 589 (5th Cir. 2000)). Because Garcia-Vazquez failed to preserve the “specific claim[] of procedural error that he argues in this appeal,” plain error review applies. Whitelaw, 580 F.3d at 259.
The district court has “discretion to make its ... sentence run concurrently (or partially concurrently) with the previously imposed ... sentence for supervised release revocation (although the Commission recommends that the sentence imposed be consecutive to that for the revocation).” United States v. Huff, 370 F.3d 454, 465 (5th Cir. 2004); see also 18 U.S.C. § 3584(a), (b). Accordingly, the district court clearly or obviously erred here in determining that it was required to run the sentences consecutively.
Applying the Supreme Court’s, recent decision in Molina-Martinez v. United States, — U.S. —, 136 S.Ct. 1338, 1346-48, 194 L.Ed.2d 444 (2016), we conclude that the error affected Garcia-Vazquez’s substantial rights. The district court applied a cumulative guidelines range of 50 to 67 months (46 to 57 months for the illegal reentry, plus a consecutive 4 to 10 months for the supervised release violation). The correct range was 46 months (assuming concurrent sentences at the low end) to 67 months (assuming consecutive sentences at the high end). The court sentenced Garcia-Vazquez to 46 months for the illegal reentry offense and 4 months for the revocation, for a total sentence of 50 months.
Under the fourth prong of plain error review, we compare the degree of the error and the particular facts of the case “to other cases that have turned on the fourth prong.” United States v. Martinez-Rodriguez, 821 F.3d 659, 664 (5th Cir. 2016). A defendant’s sentence at the bottom of an erroneously high range has weighed in favor of exercising our discretion. See, e.g., id. at 665-66; United States v. Mazarego-Salazar, 590 Fed.Appx. 345, 350 (5th Cir. 2014) (per curiam); United States v. Price, 516 F.3d 285, 289 & n.28 (5th Cir. 2008). We likewise exercise our discretion to correct the error here, although we express no view on the ultimate issues on resen-tencing.
We VACATE the sentence and REMAND for resentencing.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.