# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40099
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LUIS ALBERTO RUIZ-DOMINGUEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-644-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Luis Alberto Ruiz-Dominguez pled guilty to being found in the United States after deportation, having been previously convicted of a felony. Applying the 2016 edition of the Sentencing Guidelines, the presentence report (PSR) calculated a total offense level of 17 and a criminal history category of VI, resulting in a guideline range of 51 to 63 months in prison.  (PSR ¶ 76); Ch. 5, Pt. A, Sentencing Table.  The district court sentenced him to 63 months

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40099

in prison and a three-year term of supervised release. Ruiz-Dominguez filed a timely notice of appeal.

## DISCUSSION

Ruiz-Dominguez argues that the district court committed plain error and violated the Ex Post Facto Clause when it incorrectly sentenced him under the 2016 edition of the Sentencing Guidelines. Under the 2015 version of § 2L1.2, which was effective at the time the offense was committed, his total offense level would have been 13 at most. Ruiz-Dominguez asserts that this would have resulted in a guidelines range of 33 to 41 months rather than a range of 51 to 63 months.

The Government concedes that the district court committed a clear and obvious ex post facto violation by sentencing Ruiz-Dominguez under the 2016 edition of the Sentencing Guidelines, which resulted in a higher guidelines range than the 2015 edition of the Sentencing Guidelines would have provided. The Government also concedes that a reasonable probability of harm to substantial rights was shown because the 63-month sentence imposed exceeded the high end of the applicable guidelines range by 22 months. The Government, however, contends that the fourth prong of the plain error standard was not satisfied. The Government argues that this court has declined to exercise its fourth-prong discretion when the record demonstrates recidivistic behavior. The Government contends that based on Ruiz-Dominguez's 15-year criminal history of 16 convictions and 10 unadjudicated arrests, the circumstances of the case did not present the kind of exceptional circumstances required to satisfy the fourth prong of plain error review.

To establish plain error, Ruiz-Dominguez must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). In the sentencing context, demonstrating an impact on substantial rights generally requires showing "a

2

No. 17-40099

reasonable probability that, but for the district court's error, the appellant would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).  If he makes such a showing, the court has the discretion to correct the error, which the court should exercise only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett*, 556 U.S. at 135.

Because the Government concedes clear and obvious error that affected Ruiz-Dominguez's substantial rights, the only issue before this court is whether the error affected the fairness, integrity, or public reputation of judicial proceedings.  Under the fourth prong of plain error review, this court exercises its discretion to correct an error "in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc) (internal quotation marks and citation omitted).  The determination whether to do so is case-specific, *Puckett*, 556 U.S. at 142, with the focus on "the *degree* of the error and the *particular facts* of the case," *United States v. Martinez-Rodriguez*, 821 F.3d 659, 664 (5th Cir. 2016) (internal quotation marks and citation omitted.  As the en banc court emphasized in *Escalante-Reyes*, it "do[es] not view the fourth prong as automatic."  689 F.3d at 425.

In determining whether to exercise its discretion, this court compares the degree of the error and the particular facts of the case "to other cases that have turned on the fourth prong." *Martinez-Rodriguez*, 821 F.3d at 664.  In cases in which this court has vacated a sentence based on the extent of its deviation from the correct guidelines range, the defendant has normally been sentenced within a higher, incorrect guidelines range. *See, e.g., id.* at 664-67 (exercising discretion despite particular facts weighing against it because of the 36-month disparity between a sentence at the bottom of the incorrect range and a sentence at the bottom of the correct range).

No. 17-40099

Here, Ruiz-Dominguez was sentenced within a higher, incorrect guidelines range. However, Ruiz-Dominguez has a significant criminal history reflecting recidivistic behavior. For example, his criminal history includes convictions for evading or resisting arrest in 2005, 2006 and 2009, assault in 2005 and 2007, and illegal entry in 2010 and illegal reentry in 2012. Recidivistic behavior has weighed against exercising the court's discretion. *See United States v. Davis*, 602 F.3d 643, 645-46, 650-51 (5th Cir. 2010) (noting, inter alia, that the defendant had committed several violations of his supervised release only five months into a five-year term and that he appeared to be preparing to resume a pattern of criminal activity); *United States v. Flores*, 601 F. App'x 242, 246-47 (5th Cir. 2015) (noting that the defendant had admitted the criminal act underlying the erroneous sentencing enhancement and that he had a prior conviction for a similar offense). The sheer number of Ruiz-Dominquez's past offenses and arrests demonstrates an ongoing and serious lack of respect for law and law enforcement officers. As we recently explained, "a large gap between the correct range and the improperly calculated-yet-relied-upon range does not mandate correction where other factors counsel hesitation." *United States v. Torres*, 856 F.3d 1095, 1100 (5th Cir. 2017). Recidivism is among those factors. *Id.* Ruiz-Dominguez's record of past criminal conduct persuades us against exercising our discretion to correct the forfeited error.

**AFFIRMED**.

4