# United States Court of Appeals for the Fifth Circuit

_____

No. 22-50832
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Gutierrez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CR-49-2

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges.*

Per Curiam:[*]

Anthony Gutierrez appeals the 360-month sentence imposed following his conviction for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. Gutierrez contends that the district court erred by relying on evidence to enhance his sentence that was never disclosed to the defense, that his criminal history score was incorrectly

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50832

calculated, and that the district court incorrectly applied an enhancement for imported methamphetamine.  We affirm.

## I.

For preserved issues, this court "review[s] the district court's interpretation or application of the Sentencing Guidelines *de novo* and its factual findings for clear error."  *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).  Unpreserved issues are reviewed for plain error.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  To demonstrate plain error, Gutierrez must show an error that is clear or obvious and that affects his substantial rights.  *See id*.  To establish that a sentencing error affected substantial rights, Gutierrez must show "a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence."  *United States v. Martinez-Rodriguez*, 821 F.3d 659, 663-64 (5th Cir. 2016) (internal quotation marks and citation omitted).

A district court may adopt the facts in a presentence report (PSR) without additional inquiry "if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable."  *Trujillo*, 502 F.3d at 357 (internal quotation marks and citation omitted).  Nevertheless, the sentencing court must afford defense counsel an opportunity to comment on the information considered when determining "an appropriate sentence."  Fed. R. Crim. P. 32(i)(1)(C).  Likewise, U.S.S.G. § 6A1.3 provides that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor."  "The touchstone of Rule 32 is reasonable notice to allow counsel adequately to prepare a meaningful response and engage in adversary testing

at sentencing." *United States v. Stanford*, 823 F.3d 814, 847 (5th Cir. 2016) (internal quotation marks, alterations, and citation omitted).

## II.

The district court did not err by applying the enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon based on the PSR's recitation of a transcript of a telephone call intercepted by the Government during the investigation. *See United States v. Fields*, 932 F.3d 316, 320 (5th Cir. 2019). When Gutierrez objected to the district court's reliance on the call intercept at sentencing, the district court appropriately offered to continue the hearing to afford Gutierrez an opportunity to review the intercept and provide a response. *See Irizarry v. United States*, 553 U.S. 708, 715–16 (2008). But Gutierrez declined, thereby waiving his right to complain on appeal about the lack of opportunity to address the evidence. *See Stanford*, 823 F.3d at 847; *see also United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006). Moreover, Gutierrez did not offer any evidence rebutting the call transcript in the PSR, which established that Gutierrez received a firearm as partial payment for methamphetamine. *See Trujillo*, 502 F.3d at 357.

Gutierrez did not object to his criminal history score in the district court, so we review the issue for plain error. *Puckett*, 556 U.S. at 135. He fails to show that the error in assessing two criminal history points for a prior sentence that was imposed more than 10 years ago affected his substantial rights. *See* U.S.S.G. § 4A1.2(e)(2); *Puckett*, 556 U.S. at 135. A lower criminal history category of V combined with Gutierrez's offense level of 39 produces the same guidelines imprisonment range of 360 months to life. *See* U.S.S.G. Ch. 5, Pt. A (sentencing table). Thus, he cannot demonstrate that, but for the error, he would have received a lesser sentence. *See Martinez-Rodriguez*, 821 F.3d at 663–64.

Finally, Gutierrez challenges the application of the importation enhancement under U.S.S.G. § 2D1.1(b)(5) because there was no evidence establishing that he knew the methamphetamine was imported. As Gutierrez concedes, this argument is foreclosed by our precedent. *See United States v. Serfass*, 684 F.3d 548, 552 (5th Cir. 2012).

The district court's judgment is AFFIRMED.