# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2024

Lyle W. Cayce
Clerk

————————

No. 23-50069

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesus Armando Rodriguez,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CR-139-1

———————————————————————

Before Jones, Clement, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Defendant–Appellant Jesus Armando Rodriguez pleaded guilty to four counts of purchasing firearms by false statement, in violation of 18 U.S.C. § 922(a)(6). Rodriguez appeals the 60-month sentence the district court imposed. Because the district court plainly erred by applying an

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

elevated base offense level under § 2K2.1(a)(6) of the Sentencing Guidelines, we VACATE Rodriguez's sentence and REMAND for resentencing.

## I. Facts

The factual basis for Rodriguez's conviction is undisputed. While Rodriguez, a United States citizen, was in Mexico, Mario Garza approached him and offered to pay him to purchase firearms in the United States. After agreeing to do so, Rodriguez was given a cellphone and told that an individual known only as "El Negro" would contact him about purchasing firearms. Rodriguez purchased at least 140 firearms for El Negro over two years from a gun store in Bandera, Texas. As part of each purchase, Rodriguez affirmed on ATF Form 4473 that he was the actual purchaser of the firearms. He would then place the firearms under a bush at a highway rest area north of Laredo, Texas. Garza paid Rodriguez $200 for each firearm that he purchased and delivered to the designated area.

ATF agents eventually uncovered this straw-buyer scheme, and Rodriguez was indicted on four counts of purchasing firearms by false statement, in violation of 18 U.S.C. § 922(a)(6). He pleaded guilty to and was convicted of all four counts. The district court sentenced Rodriguez to a prison term of 60 months, departing downward from the advisory Guidelines range of 70 to 87 months. Rodriguez appealed his sentence.

## II. Discussion

On appeal, Rodriguez challenges the district court's application of, first, an elevated base offense level under Guideline § 2K2.1(a)(6) (for transferring firearms to a "prohibited person") and, second, a sentencing enhancement under Guideline § 2K2.1(b)(5) (for trafficking firearms). Because we conclude that the district court plainly erred by applying the elevated base offense level, we do not address whether it also erred by

No. 23-50069

applying the sentencing enhancement. *See United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

Section 2K2.1(a)(6) of the Sentencing Guidelines provides for application of an elevated base offense level of 14 if the defendant "is convicted under 18 U.S.C. § 922(a)(6) . . . and committed the offense with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person." U.S.S.G. § 2K2.1(a)(6)(C). The Guidelines define a "prohibited person" as "any person described in 18 U.S.C. § 922(g) or § 922(n)." U.S.S.G. § 2K2.1 cmt. n.3. Sections 922(g) and 922(n) prohibit certain classes of people—including felons, those indicted for a felony, unlawful users of controlled substances, and illegal aliens—from possessing, transporting, or receiving guns that have been shipped in interstate commerce.

Rodriguez is correct that the government failed to meet its burden of proving that he bought the firearms in question with knowledge or reason to believe that they would be transferred to a "prohibited person." Nothing in the record demonstrates that Garza, El Negro, or any other potential recipient of the firearms were part of one of the classes of people whose firearm rights are restricted under § 922(g) and § 922(n). Nothing, therefore, establishes that Rodriguez knew or had reason to believe that he was transferring firearms to a prohibited person, and the elevated base offense level under Guideline § 2K2.1(a)(6) does not apply.

The government does not attempt to argue otherwise on appeal. It argues only that, even if the district court erred by applying the elevated base offense level, Rodriguez is not entitled to relief because he has failed to satisfy the third and fourth prongs of plain-error review. We disagree.

Plain-error review applies because Rodriguez did not object to the district court's calculation of his base offense level during sentencing. Fed.

3

R. Crim. P. 52(b). This court "may not correct an error the defendant failed to raise in the district court unless there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Martinez-Rodriguez*, 821 F.3d 659, 662 (5th Cir. 2016) (internal quotation marks and citation omitted). If all three conditions are met, this court "may then exercise [] discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 663 (citation omitted).

Contrary to the government's arguments, Rodriguez has satisfied both the third and the fourth prong of plain-error review. As to the third prong, the district court's error affected Rodriguez's substantial rights by subjecting him to a higher advisory Guidelines range. "In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome." *Molina-Martinez v. United States*, 578 U.S. 189, 200, 136 S. Ct. 1338, 1346 (2016). And the government has not shown that this case involves "unusual circumstances" that warrant departing from this general rule; it has shown neither that the "district court thought the sentence it chose was appropriate irrespective of the Guidelines range" nor that the district court "based the sentence [it] selected on factors independent of the Guidelines." *Id.* at 200–01, 136 S. Ct. at 1346–47.

As to the fourth prong, the government, in one conclusory sentence, contends that application of the elevated base offense level did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. We disagree. "The mere fact that [Rodriguez's] sentence falls within the corrected Guidelines range does not preserve the fairness, integrity, or public reputation of the proceedings." *See Rosales-Mireles v. United States*, 585 U.S.

129, 144, 138 S. Ct. 1897, 1910 (2018).[1]  And the government has not identified any "countervailing factors" showing that the "fairness, integrity, and public reptation of the proceedings will be preserved absent correction" of the district court's error. *Id.* at 142, 138 S. Ct. at 1909.

The district court plainly erred by applying an elevated base offense level of 14 under Guideline § 2K2.1(a)(6).  It instead should have applied the default base offense level of 12. *See* U.S.S.G. § 2K2.1(a)(7).

### III. Conclusion

We VACATE Rodriguez's sentence and REMAND for resentencing without application of Guideline § 2K2.1(a)(6)'s elevated base offense level. It is in the district court's discretion to decide whether to apply the trafficking enhancement under Guideline 2K2.1(b)(5) on resentencing, and we express no view on the propriety of applying that enhancement. *See Akpan*, 407 F.3d at 377 n.62.

---

[1] Rodriguez was, to reiterate, sentenced to 60 months' imprisonment.  If the district court had not applied the elevated base offense level, Rodriguez's total offense level would have been 25 (rather than 27), and the advisory Guidelines range would have been 57 to 71 months (rather than 70 to 87 months). *See* U.S.S.G. Ch. 5, Pt. A.