# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-30200
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kelvin Warren,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CR-25-1

---

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Kelvin Warren pleaded guilty to possession with the intent to distribute 500 grams or more of a mixture or substance containing methamphetamine and 40 grams or more of a mixture or substance containing fentanyl. The district court sentenced Warren to 130

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

months in prison and five years of supervised release, within the recommended guidelines ranges.

Warren argues that the district court committed plain error by miscalculating his criminal history score. Because Warren did not challenge the assessment of criminal history points, review is for plain error only. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585 (5th Cir. 2021). He contends that the district court should not have given him a point for his conviction for driving under a suspended license, but he has not shown an error that is clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). He also claims that that the district court should have given him only one criminal history point, rather than two, for a revocation of probation related to a driving while intoxicated offense. Warren, however, has not shown "a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *United States v. Martinez-Rodriguez*, 821 F.3d 659, 663-64 (5th Cir. 2016) (internal quotation marks and citation omitted).

While Warren further challenges the calculation of the drug quantity because it was based on the weight of the mixture containing the controlled substance, he correctly concedes that this issue is foreclosed by *Chapman v. United States*, 500 U.S. 453, 455-56 (1991).

Federal Rule of Criminal Procedure 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Rule 36 authorizes this court to correct clerical errors in the judgment. *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995) (internal quotation marks and citation omitted). We can also order correction of a clerical error in a presentence report ("PSR"). *See United States v. Mackay*, 757 F.3d 195, 196, 200 (5th Cir. 2014). Warren's PSR contains clerical errors

No. 24-30200

that must be corrected. The PSR incorrectly described his offense as involving methamphetamine and fentanyl, but he was indicted for an offense involving a mixture and substance containing a detectable amount of those substances. The PSR also incorrectly described his 2013 conviction for possession of cocaine as possession with the intent to distribute cocaine. Finally, Warren's probation for his convictions for driving while intoxicated and possession of marijuana were revoked on March 5, 2015, not March 6, 2015, as reflected in the PSR.

Because the PSR contains clerical errors, we AFFIRM the judgment of the district court and REMAND for the limited purpose of correcting the clerical errors in the PSR.