# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 17, 2010

No. 09-40788
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO HERRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-129-2

Before GARWOOD, PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Fernando Herrera was indicted along with co-defendant Magdel Hernandez for conspiracy to possess with intent to distribute 436.45 kilograms of marijuana (Count 1) and possession with intent to distribute 436.45 kilograms of marijuana (Count 2).  Hernandez pleaded guilty to Count 2 and testified against Herrera at his trial.  The jury found Herrera guilty of both counts.  In July 2009, the district court sentenced Herrera to 78 months of imprisonment and four years of supervised release on each count, to be served concurrently.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Herrera argues that his Sixth Amendment Confrontation Clause rights were violated and that the district court abused its discretion when it prevented him from questioning Hernandez concerning a prior charge in Florida against Hernandez.[1]

The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant to confront the witnesses against him. *Delaware v. Van Arsdall*, 475 U. S. 673, 678 (1986). However, Herrera has not met his burden of showing that the jury would have received a significantly different impression of Hernandez's credibility if the cross-examination had not been limited. *See United States v. Davis,* 393 F.3d 540, 548 (5th Cir. 2004). Furthermore, Herrera was allowed to cross-examine Hernandez about the prior charge or arrest to the extent that the dismissal of the charges would have affected his motivation to testify. Additionally, due to the extent of the cross-examination of Hernandez that district court did allow, the corroboration, to some extent, of Hernandez's testimony, and the overall strength of the Government's case, any error by the district court was harmless. *See Van Arsdall*, 475 U. S. at 684. For the same reasons, to the extent that there was a nonconstitutional violation, Herrera has not shown that the district court abused its discretion in limiting cross examination. *See United States v. Gray,* 105 F.3d 956, 965 (5th Cir. 1997).

Herrera also argues that the district court committed plain error by providing him with the presentence report less than 35 days before sentencing in violation of FED. R. CRIM. P. 32(e)(2).[2] Because Herrera has not shown, nor

---

[1] Defense counsel asked Hernandez if "at one time" he "had a charge pending against you." The government's objection was sustained. Pretrial proceedings reflect that there was no conviction and that the Florida charges referred to were dismissed. Further cross-examination reflected that Hernandez had made no arrangement with the government in this case with reference to the dismissal of any other charges against him "in this or any other jurisdiction."

[2] Sentencing was July 22, 2009. The PSR reflects that it is a report which was prepared June 30, 2009 and "Revised" July 20, 2009. Nothing in the record before us (or in the briefs) reflects what the revision or revisions was or were or anything about them.

does the record indicate, that he was prejudiced[3] by the alleged failure of the probation officer to furnish him with a copy of the PSR within 35 days of sentencing, he has not demonstrated plain error. *See United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001).

AFFIRMED.

---

[3] Indeed, Herrera concedes in his brief that "[t]here is nothing in the record to demonstrate whether the shortened time for review of the PSR affected Mr. Herrera adversely."

At sentencing appellant stated his attorney had read the PSR to him. Also defense counsel stated that the PSR had correctly calculated the advisory guideline range at 78 to 97 months. No objections were made to the PSR. Nor was any objection made either that the time to review it was inadequate or was less than the 35 days provided by Rule 32(e)(2).