# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 27, 2011

No. 10-51064
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee

v.

CHRISTOPHER LEE GAITHER,

                    Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-239-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Christopher Lee Gaither appeals his 84-month sentence, imposed following his jury-trial conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Gaither, sentenced 3 November 2010, two days after the 2010 Sentencing Guidelines Manual became effective, contends the district court erred: by adding two points to his criminal-history score, pursuant to Guideline § 4A1.1(e) (adding two criminal-history points when instant offense committed within two years of prison release), eliminated from the 2010 Guidelines Manual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by Amendment 742; and by sentencing him 21 days after his presentence investigation report (PSR) had been issued, in violation of Federal Rule of Criminal Procedure 32(e)(2) (unless waived, PSR to be provided defendant at least 35 days before sentencing).

Because Gaither did *not* object at sentencing to either claimed error, our review is only for plain error. *E.g.*, *United States v. John*, 597 F.3d 263, 282 (5th Cir. 2010). For reversible plain error, defendant must show a clear or obvious error affecting his substantial rights. *E.g.*, *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Along that line, to show his substantial rights were affected, defendant must "show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence". *United States v. Villegas*, 404 F.3d 355, 364-65 (5th Cir. 2005). (As noted recently, our court has not fully resolved whether a different substantial-rights standard also remains in effect, *i.e.*, "if the case were remanded, the trial judge could reinstate the same sentence". *United States v. Davis*, 602 F.3d 643, 647 n.6 (5th Cir. 2010) (quoting *United States v. Ravitch*, 128 F.3d 865, 869 (5th Cir. 1997)).) Even if defendant makes that showing, our court retains discretion to correct the error and, generally, will do so *only* "if the error seriously affects the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation and internal quotation marks omitted). Our court's discretion is "applied on a case-specific and fact-intensive basis". *Id.* at 1433.

Assessing "recency" points under Guideline § 4A1.1(e) constituted a clear or obvious error because that section was no longer in effect at the time of sentencing. U.S.S.G. supp. app. C, amend. 742 (1 Nov. 2010); U.S.S.G. § 1B1.11(a); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("A sentencing court must apply the version of the sentencing guidelines effective at the time of sentencing unless application of that version would violate the Ex Post Facto Clause of the Constitution."); *see also United States v. Blocker*, 612

F.3d 413, 416 (5th Cir.) (district court plainly erred in calculating defendant's criminal-history score), *cert. denied,* 131 S. Ct. 623 (2010).

This erroneous assessment resulted in an advisory sentencing range of 77 to 96 months' imprisonment; without that error, the range would have been 63 to 78 months. At sentencing, Gaither requested a bottom-of-the-Guidelines sentence; the Government requested a top-of-the Guidelines sentence. Because the court gave him a middle-of-the-Guidelines sentence, exceeding the overlap between the correct and incorrect Guideline ranges, Gaither contends he has shown his substantial rights were affected. Although the imposed 84-month sentence is six months greater than the top of the correct *advisory* range, Gaither has failed to show that his substantial rights were affected. *See United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005) (defendant bears burden of showing error affected substantial rights).

Even if Gaither had done so, this is not an instance meriting our exercising our discretion to remand for resentencing. The record shows: an offense involving domestic violence, drugs, and a firearm; a leadership role within a violent gang; and pending charges for possessing a deadly weapon while in prison. Thus, the facts of this action do not "warrant remediation". *United States v. Calverley*, 37 F.3d 160, 164 (5th Cir. 1994) (en banc), *abrogated on other grounds by United States v. Dupre*, 117 F.3d 810, 817 (5th Cir. 1997).

For his second contention—35 days had not expired between the issuance of PSR and sentencing—Gaither has also failed to show reversible plain error. Rule 32(e)(2) provides: "The probation officer must give the presentence report to the defendant . . . at least 35 days before sentencing unless the defendant waives this minimum period". The error was clear or obvious because sentencing was held 21 days following issuance of the PSR.

Gaither's only basis for urging his substantial rights were affected is that, had he had the requisite 35 days, "[i]t is fair to assume" the probation officer would have realized recency points could not be included under the 2010

Guidelines. Gaither has failed to show his substantial rights were affected. In addition to not challenging or expressing concern with his sentencing timeline, Gaither has not shown he was unprepared for his sentencing or that the shortened period otherwise resulted in prejudice to him, such as receiving a higher sentence. *See Mares* 402 F.3d at 521 ("[I]f it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses". (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005))).

In the alternative, on this record, Gaither's claimed lack of sufficient notice does not merit the exercise of our discretion and remanding for resentencing. *See also United States v. Herrera*, 395 F. App'x 148, 149 (5th Cir. 2010) (probation officer's failure to furnish defendant with PSR within 35 days of sentencing not plain error).

AFFIRMED.