# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2011

No. 11-40576
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

HIPOLITO SEGURA-SANCHEZ

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-99-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hipolito Segura-Sanchez appeals his sentence and conviction, arguing that the district court erred by: (1) incorrectly applying a sentencing enhancement, and (2) entering a judgment that improperly stated that Segura-Sanchez was convicted under 8 U.S.C. § 1326(b)(2) instead of 8 U.S.C. § 1326(b)(1). Because we conclude that the district court plainly erred in imposing Segura-Sanchez's sentence, we VACATE the sentence and REMAND for resentencing. Upon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remand, the district court should correct the record to reflect that he was sentenced under1326(b)(1).  In all other respects, his conviction is AFFIRMED.

## I.  FACTS AND PROCEDURAL HISTORY

Segura-Sanchez pleaded guilty to illegally reentering the United States in violation of 8 U.S.C. §§ 1326(a) and (b).  Segura-Sanchez received a base offense level of eight plus an eight-level enhancement for a prior conviction for evading arrest with a motor vehicle, which the presentence report ("PSR") characterized as an aggravated felony.  With a three-level reduction for acceptance of responsibility, Segura-Sanchez's total offense level was 13.  The United States Sentencing Guidelines (the "Guidelines") state that the range of imprisonment for this offense level, combined with a Criminal History Category of IV, was 24 to 30 months.  Segura-Sanchez did not object to the PSR, nor did he object at the sentencing hearing to the enhancement.

The district judge sentenced Segura-Sanchez to 24 months of imprisonment and three years of supervised release.  In announcing Segura-Sanchez's sentence, the district judge stated that:

> The Court has chosen to sentence within the advisory guidelines at the bottom of the guidelines, observing that the Court [sic] has one conviction for assault, one conviction for illegal reentry, three convictions for DWI, has been deported two times and granted a voluntary return for two times.  The Defendant understands well that immigration offenses are penal and have serious consequences.  And the Defendant is sentenced at the bottom end of the guidelines to reflect this serious offense.

Segura timely appealed his conviction and sentence.

## II.  JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction over this case pursuant to 18 U.S.C. § 3231.  This court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Because Segura-Sanchez did not object to the PSR, nor did he object at the sentencing hearing, our review is for plain error.  *See United States v.*

No. 11-40576

*Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011).  Plain error requires a showing that: "(1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (quoting *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009)).

## III.  DISCUSSION

Here, the parties agree, and our analysis confirms, that Segura-Sanchez met the first two prongs of the plain error analysis.  The statute defines the term "aggravated felony" to include "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year . . . ."  8 U.S.C. § 1101(a)(43)(F).  Although we have held that a Texas conviction for evading arrest with a motor vehicle is a "crime of violence," *United States v. Sanchez-Ledezma*, 630 F.3d 447, 451 (5th Cir.), *cert. denied*, 131 S. Ct. 3024 (2011), Segura-Sanchez was not sentenced to a term of imprisonment that was "at least one year," 8 U.S.C. § 1101(a)(43)(F).  Therefore, Segura-Sanchez's Texas conviction for evading arrest with a motor vehicle was not an "aggravated felony" as defined by 8 U.S.C. § 1101(a)(43).  Because there was error and it was plain, we must proceed to the third prong of the plain error analysis: whether the miscalculation of the Guidelines range affected Segura-Sanchez's substantial rights.

An error affects a defendant's substantial rights if the defendant "can show a reasonable probability that, but for the district court's misapplication of the Guidelines, [he] would have received a lesser sentence."  *United States v. John*, 597 F.3d 263, 285 (5th Cir. 2010) (internal quotations and citations omitted).  Instead of receiving an eight-level enhancement, Segura-Sanchez should have only received a four-level enhancement for a prior felony conviction for a total

3

offense level of 10. *See* U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(D) (2010). Combined with a Criminal History Category of IV, the correct guidelines range was 15 to 21 months. *Id.* ch. 5, pt. A, sentencing table.

The correct and incorrect guidelines ranges do not overlap (15 to 21 months, compared to 24 to 30 months), and Segura-Sanchez received a sentence that was higher than the maximum sentence recommended by the correct Guidelines. Our prior decisions hold that where the Guidelines ranges do not overlap and the defendant received a sentence that was above the correct Guidelines range, the defendant's substantial rights have been violated. *See John*, 597 F.3d at 285; *United States v. Garza-Lopez*, 410 F.3d 268, 275 (5th Cir. 2005); *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005). *Cf. Mudekunye*, 646 F.3d at 290-91 (concluding that even where the correct and incorrect sentencing ranges overlapped, the defendant's substantial rights were affected because the sentence imposed was above the correct Guidelines range and the judge did not indicate an intent to sentence the defendant to an above-Guidelines sentence). The Government relies heavily on our unpublished opinion in *United States v. Gaither*, No. 10-51064, 2011 U.S. App. LEXIS 15586 (5th Cir. July 27, 2011), to show that Segura-Sanchez's substantial rights were not affected. In *Gaither*, however, no facts indicated that the district judge intended to sentence the defendant within the Guidelines, so the court held that he failed to meet his burden of showing that his substantial rights were affected. *Id.* at *4. In contrast, the district judge in this case twice mentioned his intent to sentence Segura-Sanchez to the "bottom end" of the Guidelines range.

Here, the difference between the potential "bottom end" sentence Segura-Sanchez might have received under the correct Guidelines range and the "bottom end" sentence he received under the incorrect range is nine months. The difference between the intended "bottom end" sentence of 24 months he received and the *top* of the correct Guidelines range is three months. On this

record there is no indication that the district judge would have given the same sentence had he properly calculated the sentencing range.  We conclude that Segura-Sanchez successfully showed "a reasonable probability that, but for the district court's misapplication of the Guidelines, [he] would have received a lesser sentence." *John*, 597 F.3d at 285.

Finally, the fourth prong of the plain error analysis gives us discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Marcus*, 130 S. Ct. at 2164 (internal quotation marks and citations omitted).  Here, the non-overlapping ranges, the indication of an intent to sentence at the "bottom end," and the fact that there was a nine-month difference between the "bottom end" of the correct and incorrect Guidelines ranges, "warrants the exercise of our discretion to correct the error."  *Mudekunye*, 646 F.3d at 291; *see also Villegas*, 404 F.3d at 365 ("[B]ecause the district court's error clearly affected [the defendant's] sentence, we also find that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.").  We reject the Government's arguments that the unpublished decision in *Gaither* counsels this court against exercising its discretion to reduce Segura-Sanchez's sentence because of his prior convictions.  The defendant's convictions in *Gaither* were much more severe and extensive than Segura-Sanchez's offenses; therefore, *Gaither* is inapposite.  We conclude that Segura-Sanchez showed plain error; accordingly, we VACATE his sentence and remand this case to the district court for resentencing and correction of the record to reflect 1326(b)(1) rather than 1326(b)(2) as the section under which he was sentenced.

The conviction is AFFIRMED as CORRECTED; the sentence is VACATED and REMANDED.