# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11196

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2017

Lyle W. Cayce
Clerk

Cons w/ No. 15-11197

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER BENJAMIN BLANTON,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-225-1

Before BARKSDALE, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Regarding Christopher Benjamin Blanton's six challenges to his sentences, imposed after his guilty-plea convictions of possession of a firearm by a convicted felon, and conspiracy to commit pharmacy burglary, primarily at issue is whether, under plain-error review, the district court's reliance on

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-11196
Cons w/ No. 15-11197

outdated Sentencing Guidelines requires resentencing.    VACATED and REMANDED.

I.

Between November 2013 and July 2014, Blanton and co-conspirators made numerous attempts, some successful, to burglarize Walgreens pharmacies in Texas and Oklahoma.  In November 2014, Blanton was indicted in the northern district of Texas for possession of a firearm by a felon.  That December, he and five others were indicted in the western district of Oklahoma for conspiracy to "break into Walgreens Pharmacies and steal controlled substances for personal use and illegal distribution".  Blanton's conspiracy charge was transferred to join his firearm-possession charge in the northern district of Texas.  In addition, relative to the Walgreens burglaries, Blanton was convicted, before and after federal sentencing, in two Texas counties on state charges.

In the northern district of Texas, Blanton pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of conspiracy to commit pharmacy burglary, in violation of 18 U.S.C. §§ 2118(d) and 2.  His sentencing hearing occurred on 12 November 2015, 11 days after the 2015 Sentencing Guidelines went into effect.  *See* U.S.S.G. § 2B2.1(b)(2)(B) (1 Nov. 2015 ed.).

For the conspiracy charge, the court overruled Blanton's objections to enhancements recommended by the presentence investigation report (PSR) and adopted the PSR's Guidelines calculations.  In accordance with the PSR, which was based on the 2014 Guidelines, the court, *inter alia*, imposed a one-level enhancement, pursuant to Guideline § 2B2.1(b)(2)(B) (1 Nov. 2014 ed.), for a Walgreens burglary resulting in a $2,653.34 loss.  Blanton was sentenced,

No. 15-11196
Cons w/ No. 15-11197

*inter alia*, to consecutive terms of 37 months for the firearm conviction and 41 months for the conspiracy conviction.

## II.

Blanton contends the court: (1) erred by using an incorrect Guidelines version; (2) erred by not grouping the offenses under Guideline § 3D1.1; (3) erred by applying 13 "pseudocounts" of conspiracy under § 3D1.1; (4) erroneously applied the Guideline § 2K2.1(b)(6) enhancement for possession of a firearm in connection with another felony offense; (5) erroneously applied the Guideline § 3C1.2 enhancement for reckless endangerment; and (6) should have ordered any sentences, pursuant to Blanton's anticipated state indictments, to run concurrently to his federal sentences, under Guideline § 5G1.3(c), and granted a downward departure for time served on a Texas conviction, under Guideline § 5K2.23. Issue five was preserved and would be reviewed here for clear error. The other issues, however, were not preserved; therefore, they would be reviewed here only for plain error.

It is necessary, however, to review only the issue concerning the outdated 2014 Guidelines. Blanton made a blanket objection to the procedural and substantive reasonableness of the sentence; he acknowledges he did not object to the court's use of those Guidelines.

Pursuant to the 2014 Guidelines, in effect at the time of the final PSR addendum, a crime resulting in a minimum $2,500 loss merited a one-level enhancement. *See* U.S.S.G. § 2B2.1(b)(2)(B) (1 Nov. 2014 ed.). On the other hand, the 2015 Guidelines increased the minimum threshold to $5,000, so that the earlier-referenced Walgreens loss would no longer trigger the one-level increase. *See* U.S.S.G. § 2B2.1(b)(2)(B) (1 Nov. 2015 ed.). Accordingly, Blanton challenges the court's using the 2014 Guidelines on 12 November 2015, after the 2015 version took effect.

No. 15-11196
Cons w/ No. 15-11197

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). As noted, because Blanton did not preserve the outdated-Guidelines issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Plain-error review explores four elements. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). The first three are: (1) an error "not . . . intentionally relinquished or abandoned"; (2) that is "clear or obvious"; (3) and "affected the defendant's substantial rights". *Id.* "Once these three conditions have been met, the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

The Government concedes the first two elements are satisfied; therefore, we proceed to the third: substantial-rights affected *vel non*. In the light of recent Supreme Court precedent, *Molina-Martinez*, as discussed *infra*, Blanton establishes the use of the 2014 Guidelines violated his substantial rights. *See id.* at 1345.

"When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.* As our court established,

> [p]ursuant to § 1B1.11(a) and 1B1.11(b)(1), p.s., and 18 U.S.C. § 3553(a)(4)(A), *a district court should apply the Guidelines in effect on the date the defendant is sentenced*, unless the application of such Guidelines would violate the Ex Post Facto Clause of the

4

No. 15-11196
Cons w/ No. 15-11197

> Constitution, in which event, the Guidelines in effect on the date
> of the offense should be used.

*United States v. Burgos*, 137 F.3d 841, 843 (5th Cir. 1998) (emphasis added). Because the Ex Post Facto Clause is not at issue here, the district court should have applied the Guidelines in effect on the sentencing date.

The Government maintains Blanton's substantial rights were not affected because the correctly-calculated Guidelines range for the conspiracy conviction (37-46 months) overlaps with the improperly-calculated range (41-51 months), and Blanton's 41-month sentence for that conviction falls within both. The Supreme Court, however, remanded in *Molina-Martinez* in similar circumstances, finding "at least a reasonable probability" a lower sentence would have been imposed. 136 S. Ct. at 1348. The same "at least reasonable probability" is present here; in short, Blanton's substantial rights were affected by the error.

Our court's precedent on the fourth plain-error prong—whether the court should exercise discretion to remedy the error—weighs in favor of remedy for a situation like Blanton's, in which the sentence exceeded the lower end of the properly-calculated sentencing range by four months. *Compare United States v. Martinez-Rodriguez*, 821 F.3d 659, 664–67 (5th Cir. 2016) (36-month disparity between applied and proper Guidelines ranges; remanded), *and United States v. Segura-Sanchez*, 452 F. App'x 471, 474–75 (5th Cir. 2011) (sentence exceeded properly-calculated range by three months; remanded), *with United States v. Emanuel-Fuentes*, 639 F. App'x 974, 977 (5th Cir. 2015) (sentence one month above proper range not "materially or substantially" higher; no remand), *and United States v. Avalos-Martinez*, 700 F.3d 148, 154 (5th Cir. 2012) (sentence one month higher than proper range; no remand).

No. 15-11196
Cons w/ No. 15-11197

Because Blanton's sentence was improperly calculated using outdated Guidelines, because a properly-calculated Guidelines range would have been four months lower for this error alone, and because the court expressly tied its sentencing decision to the low end of the erroneous-applied Guidelines sentencing range, this reversible plain error "seriously affects the fairness, integrity or public reputation of judicial proceedings". *Molina-Martinez*, 136 S. Ct. at 1343. Accordingly, we exercise our discretion to correct the error.

III.

For the forgoing reasons, the judgment is VACATED, and this matter is REMANDED to district court for resentencing in accordance with the 2015 version of the Sentencing Guidelines.