# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10078

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ANTHONY DWAYNE CRENSHAW,

      Defendant - Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-197

---

Before JOLLY and ELROD, Circuit Judges, and RODRIGUEZ, District Judge.[*]

PER CURIAM:[**]

Anthony Crenshaw pleaded guilty to possession of a firearm as a convicted felon. He received a ten-year sentence, based in part on sentencing enhancements for obstruction of justice and for having two prior controlled substance offenses. Crenshaw appeals his sentence, seeking to have it vacated

---

[*] District Judge of the Western District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10078

and remanded on the ground that neither enhancement was applicable. Crenshaw's arguments regarding the obstruction of justice enhancement are unpersuasive. However, because application of the enhancement for prior controlled substance offenses constitutes plain error and we exercise our discretion to correct it, we VACATE the sentence and REMAND for resentencing.

## I.

The district court applied a two-point obstruction-of-justice enhancement to Crenshaw's offense level, adopting the PSR's position that "[t]he defendant filed an Affidavit of Fact which contained materially false information, and as such, he has willfully attempted to obstruct or impede the administration of justice with respect to the investigation and prosecution of the instant offense." Because Crenshaw raised a timely objection to this enhancement, our review of the district court's factual findings is for clear error. *United States v. Miller*, 607 F.3d 144, 147 (5th Cir. 2010). "A ruling that those findings permit an obstruction-of-justice enhancement is a question of law, reviewed *de novo*." *Id.* at 148.

Section 3C1.1 of the United States Sentencing Guidelines provides for a two-level increase in a defendant's offense level if:

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense . . . .

The commentary provides a non-exhaustive list of covered conduct, including "providing materially false information to a judge or magistrate judge." USSG § 3C1.1, comment 4(F).

The affidavit of fact that formed the basis for the obstruction-of-justice enhancement alleges that Crenshaw "was not given a warning of his

2

No. 16-10078

Constitution[al] and stat[ut]ory rights . . . ."  Crenshaw submitted this affidavit to the court and directed his attorney to file a motion to suppress his confession.  The district court denied the motion to suppress, finding that "[i]t is clear from the video of the interview that Defendant was read his *Miranda* rights, he understood those rights, he nevertheless clearly desired to waive those rights and speak to the officers, and his statements to the officers were voluntarily made without threats, duress, or coercion."  Accordingly, the district court did not err in its determination that Crenshaw's affidavit of fact provided materially false information to the court, triggering the obstruction-of-justice enhancement.

Crenshaw's arguments to the contrary are unavailing.  Crenshaw first argues that his affidavit contained only legal conclusions and that the obstruction-of-justice enhancement applies only to statements of fact.  Even assuming *arguendo* that the enhancement applies only to statements of fact, Crenshaw's argument fails because the affidavit contains the factual assertion that Crenshaw was not given a warning.  Crenshaw next argues that the district court erred by applying the enhancement without finding that he willfully obstructed or attempted to obstruct justice.  However, the district court adopted the factual statements in the PSR as its owns factual findings, including the finding that Crenshaw "has willfully attempted to obstruct or impede the administration of justice."

## II.

The district court also applied an enhanced base offense level under USSG § 2K2.1, based on its determination that Crenshaw had two prior convictions for controlled substance offenses.[1]  Because Crenshaw did not

---

[1] Crenshaw asserts, and the government has not disputed, that the enhanced base offense level applied by the district court is four levels higher than the offense level that

3

make a timely objection to this enhancement, our review is for plain error. *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). Thus, we inquire "whether there was error at all; whether it was plain or obvious; whether the defendant has been substantially harmed by the error; and whether this court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice." *Id.*

The first three questions are easily answered in the affirmative. First, the district court erred by counting Crenshaw's Texas conviction for possession with intent to deliver as one of the two prior controlled substance offenses necessary to merit an enhanced base offense level under USSG § 2K2.1. *See United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir. 2017) (holding that the Texas offense of possession with intent to deliver "does not qualify as a controlled substance offense under the [Sentencing] Guidelines"). Second, that error is plain even though *Tanksley* was decided after sentencing. *See id.*; *see also United States v. Valles*, 484 F.3d 745, 759 (5th Cir. 2007) ("An error is 'plain' if it is clear under current law."). Third, it is undisputed that the error substantially harmed Crenshaw because he was sentenced at the top of an erroneously calculated guideline range that was twenty-four months longer than the top of a correctly calculated guideline range.

The only remaining question is "whether this court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice." *Chavez-Hernandez*, 671 F.3d at 497. "This inquiry is dependent upon the *degree* of the error and the *particular facts* of the case." *United States v. Martinez-Rodriguez*, 821 F.3d 659, 664 (5th Cir. 2016).

---

would have applied if he had only one prior conviction for a controlled substance offense. *See* USSG § 2K2.1.

No. 16-10078

Crenshaw emphasizes the degree of the error, noting that the twenty-four-month discrepancy between the sentence he received and the sentence at the top of a correctly calculated guideline range is greater than the eighteen-month sentencing disparity that prompted us to exercise our discretion in *United States v. Price*, 516 F.3d 285 (5th Cir. 2008). *See also Martinez-Rodriguez*, 821 F.3d at 664, 666–67 (vacating and remanding because error resulted in thirty-six-month disparity); *United States v. John*, 597 F.3d 263, 285–89 (5th Cir. 2010) (vacating and remanding because error resulted in "significant" sentencing disparity of twenty-one months); *United States v. Villegas*, 404 F.3d 355, 364–65 & n.9 (5th Cir. 2005) (vacating and remanding because defendant's sentence was below the erroneously calculated guideline range but five months above the correct guideline range). The government emphasizes the particular facts of the case, noting Crenshaw's recidivism and extensive criminal history, which are factors that count against a decision to exercise our discretion to correct sentencing error. *See United States v. Flores*, 601 F. App'x 242, 246–47 (5th Cir. 2015) (unpublished) (affirming sentence despite twenty-six-month sentencing disparity because of criminal history).

Having considered both the degree of the error and the particular facts of this case, we choose to exercise our discretion to correct the district court's error. However, we express no view as to what sentence would be appropriate on remand in light of the particular facts of this case. The district court remains free to consider all relevant sentencing factors at a resentencing hearing.

**III.**

For the reasons explained above, we conclude that the obstruction-of-justice enhancement was not clearly erroneous but that the enhancement for having two prior convictions for controlled substance offenses constitutes plain error. Accordingly, we VACATE the sentence and REMAND for resentencing.