# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10431

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

MARCUS LAVONDE HILL,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-242-1

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Marcus Lavonde Hill pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The district court adopted the sentencing recommendation in the presentence investigation report ("PSR"), including application of a base offense level calculated on the basis of Hill's prior conviction for a "controlled substance offense." In an opinion rendered in another case after Hill was sentenced, a panel of this court held

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10431

that the statute underlying Hill's prior conviction is not a controlled substance offense under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). Hill now appeals his sentence, urging us to correct the resulting error. We vacate Hill's sentence and remand for resentencing.

## I. FACTS AND PROCEEDINGS

Hill pleaded guilty without a plea agreement to being a felon in possession of a firearm. The probation officer prepared a PSR which noted that Hill had previously been convicted of a felony controlled substance offense, namely his 2000 Texas conviction for unlawful possession with the intent to deliver cocaine, apparently in violation of TEX. HEALTH & SAFETY CODE ANN. § 481.112(a).[1] The PSR therefore applied U.S.S.G. § 2K2.1(a)(4)(A) and assigned Hill a heightened base offense level of 20.[2] After applying a three-level adjustment for acceptance of responsibility and calculating his criminal history category as V, the PSR concluded that Hill's Guidelines imprisonment range was 46 to 57 months. Hill did not object to the PSR, and the district court adopted it, sentencing Hill to 51 months of imprisonment and three years of supervised release.

Hill timely filed a notice of appeal. In his initial appellate brief, he challenged the validity of the statute of conviction, 18 U.S.C. § 922(g)(1). After he filed that brief, this court decided *United States v. Tanksley*, holding that a conviction for "possess[ion] with intent to deliver a controlled substance" under the above said Texas statute is not a "controlled substance offense" under the

---

[1] The documentation supporting Hill's earlier conviction does not explicitly state that Hill was convicted under § 481.112(a), but the parties agree that Hill was convicted for violating § 481.112(a).

[2] U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(a)(4)(A) (U.S. SENTENCING COMM'N 2015). The 2015 edition of the Guidelines was applicable in this case.

No. 16-10431

Guidelines.[3] We granted Hill's motion to file a supplemental brief. In it, Hill contends that, based on *Tanksley*, the district court erred by determining that he had been convicted of a controlled substance offense, and urges us to correct that mistake under the plain error doctrine.

## II. ANALYSIS

### A. *Sebelius*

Hill first asserts that the district court plainly erred by accepting the factual basis offered in support of his guilty plea. He insists that the factual basis, which stated that the firearm underlying his conviction was in or affecting interstate commerce, was constitutionally inadequate based on the Supreme Court's decision in *National Federation of Independent Business v. Sebelius*.[4] Hill acknowledges that this court's prior jurisprudence forecloses his assertion, but that he raises it only to preserve it for further review. In fact, this court rejected that specific challenge to § 922(g)(1) in *United States v. Alcantar*.[5] We are bound by this precedent,[6] so Hill's *Sebelius* challenge fails.

### B. *Tanksley*

Hill next urges us to vacate his sentence based on *Tanksley*. The parties agree that this challenge is reviewed for plain error because Hill did not raise it in the district court. (Indeed, he could not have done so because *Tanksley* was decided after Hill was convicted and sentenced.) Plain error review requires Hill to demonstrate an error that was plain or obvious and that

---

[3] *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), *supplemented*, 854 F.3d 284 (5th Cir. 2017). *Tanksley* concerned the "controlled substance offense" enhancement under U.S.S.G. § 4B1.1, but this section uses the same definition of "controlled substance offense," defined in § 4B1.2(b), as the section applied to Hill. *See id.* at 349; U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(b), § 2K2.1 cmt. n.1 (U.S. SENTENCING COMM'N 2015).

[4] 567 U.S. 519 (2012).

[5] 733 F.3d 143, 145–46 (5th Cir. 2013).

[6] *Id.* at 145 ("[O]nly an intervening change in the law (such as by a Supreme Court case) permits a subsequent panel to decline to follow a prior Fifth Circuit precedent.").

affected his substantial rights.[7] On such a showing, we have discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[8] "[The court] do[es] not view the fourth prong as automatic [even] if the other three prongs are met."[9] Instead, "[t]he fourth prong is meant to be applied on a case-specific and fact-intensive basis."[10]

The government does not contest that, in light of *Tanksley*, Hill has satisfied the first three prongs of plain error: (1) there was error (2) which was clear or obvious (3) that affected Hill's substantial rights.[11] The government nevertheless argues that we should affirm Hill's sentence because he has failed to establish that his case merits our exercise of discretion to correct the error. But Hill points out that, absent the error, the correct guidelines range would be 27 to 33 months;[12] his 51-month sentence was thus 18 months longer than the high end of the correct range.

This court has previously held that a "substantial disparity between the imposed sentence and the applicable Guidelines range warrants the exercise

---

[7] *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc).

[8] *Id.* (alteration in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

[9] *Id.* at 425 (citing *United States v. Davis*, 602 F.3d 643, 650 (5th Cir. 2010)).

[10] *Puckett*, 556 U.S. at 142.

[11] The Government states that "Hill *may* satisfy the second prong[,]" and that the error "*presumably* satisf[ies] the third prong[.]" (emphasis added). Yet the Government presents no argument to the contrary, and acknowledges this court's precedents which support Hill's arguments that the prongs are met. The Government has accordingly forfeited any such argument. *See Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (per curiam); *see also United States v. Cabrera*, 478 F. App'x 204, 208 n.4 (5th Cir. 2012) (per curiam) ("The Government forfeited this argument by failing to brief it." (citing *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993))).

[12] U.S. SENTENCING GUIDELINES MANUAL ch. 5, pt. A (U.S. SENTENCING COMM'N 2015). Without a prior conviction for a controlled substance offense, Hill's offense level would have been 12, which includes a two-level reduction for acceptance of responsibility. U.S. SENTENCING GUIDELINES MANUAL §§ 2K2.1(a)(6), 3E1.1(a) (U.S. SENTENCING COMM'N 2015). Because his base offense level would have been reduced below 16, Hill would not have been eligible for the third level of reduction under U.S.S.G. § 3E1.1(b).

of [the court's] discretion to correct the error."[13] Hill cites a number of cases with similar disparities in which this court found that the fourth prong was met,[14] including one disparity of precisely the same length: 18 months.[15]

A recent unpublished case from this court is persuasive. In *United States v. Crenshaw*, this court chose to exercise its discretion to correct an error identical to the one presented in the instant case.[16] Crenshaw pleaded guilty to the same offense as Hill and similarly received an enhanced base offense level for a controlled substance offense based on a prior conviction under the same Texas statute, making Crenshaw's sentence erroneous under *Tanksley*.[17] Crenshaw's resulting sentencing disparity was 24 months.[18] On appeal, this court exercised its discretion, rejecting the government's contention that Crenshaw's history of criminal activity was a reason to decline to do so.[19] That same contention is unpersuasive here, especially in light of the fact that the district court expressly rejected Hill's past recidivism as a reason to impose a higher sentence: "I don't disagree with what [the prosecutor] said about the defendant's history, but I think it's adequately reflected by the guideline criminal history category."

---

[13] *United States v. Mudekunye*, 646 F.3d 281, 291 (5th Cir. 2011) (per curiam).

[14] *United States v. Martinez-Rodriguez*, 821 F.3d 659, 665–67 (5th Cir. 2016) (36-month disparity); *Mudekunye*, 646 F.3d at 290–91 (19-month disparity); *United States v. John*, 597 F.3d 263, 286–89 (5th Cir. 2010) (21-month disparity); *see also United States v. Blanton*, 684 F. App'x 397, 400 (5th Cir. 2017) (per curiam) (collecting cases). *But see United States v. Wikkerink*, 841 F.3d 327, 337, 339 (5th Cir. 2016) (declining to correct 180-month disparity when district judge stated it was uncertain whether guidelines "correctly captured the nature and extent of the [defendant's] behavior"); *United States v. Ellis*, 564 F.3d 370, 370, 371 n.2, 378–79 (5th Cir. 2009) (explaining in dicta that the court would decline to correct 63-month disparity).

[15] *United States v. Price*, 516 F.3d 285, 289–90 (5th Cir. 2008).

[16] 703 F. App'x 308, 312 (5th Cir. 2017) (per curiam).

[17] *Id.* at 311.

[18] *Id.*

[19] *Id.* at 312.

No. 16-10431

The government also contends that Hill's particular conduct would be characterized as a controlled substance offense, even if the statute of conviction would not. Again, we think such an argument is more appropriate for consideration first by the district court on resentencing. In light of the particular facts of Hill's case and the degree of sentencing error, we choose to exercise our discretion by vacating Hill's sentence and remanding for resentencing in light of the foregoing analysis.

### III. CONCLUSION

We VACATE Hill's sentence and REMAND for resentencing.